UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MOSBY and CECIL
MOSBY, her husband,

                                                    CASE NO. 06-13157
              Plaintiffs,                           HON. LAWRENCE P. ZATKOFF

v.

GREYHOUND LINES, INC.

              Defendant.
_____/


**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 3, 2006


PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court upon Defendant Greyhound Lines, Inc.'s Motion to Transfer

to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). Plaintiffs Tina and Cecil

Mosby[1] have responded.  The Court finds that the facts and legal arguments are adequately presented

in the parties' papers and the decision process would not be significantly aided by oral argument.

Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved

on the briefs submitted. For the following reasons, Defendant's Motion to Transfer is DENIED.

_____

[1] Cecil Mosby is Tina Mosby's husband and his claim is derivative of Mrs. Mosby's
underlying premises liability claim. For convenience and clarity, the Court will refer to Tina
Mosby alone as the Plaintiff.

## II.  BACKGROUND

Plaintiff filed her complaint in Wayne County Circuit Court on June 8, 2006, alleging personal injury claims against Defendant resulting from an accident Plaintiff suffered on Defendant's premises in Nashville, Tennessee on September 10, 2005. Plaintiff is a resident of Detroit, Michigan. Defendant is a Delaware corporation with its principal place of business in Texas. Defendant removed this case to federal court on July 11, 2006, based on diversity of citizenship. Venue in this case is proper pursuant to 28 U.S.C. § 1441.

According to Plaintiff, she was injured boarding Defendant's bus in Nashville, Tennessee, when the boarding platform inadvertently shifted, causing Plaintiff to fall and strike her head, neck, and back on the pavement. Several people witnessed the fall and at least two of Defendant's employees provided Plaintiff with assistance. Plaintiff did not receive any medical attention in Nashville and returned to Detroit where she visited several physicians and attended physical therapy.

Defendant asserts that the case should be transferred to the District Court for the Middle District of Tennessee, principally because that is the district where the accident took place. Defendant further argues that transferring the case would aid the convenience of witnesses, ease access to evidence, and promote the administration of justice by having the case tried by a court familiar with the governing law. Plaintiff has responded to these arguments, claiming each point weighs in favor of denying Defendant's motion. Neither party has produced any documents, affidavits, or other evidence in support of their respective arguments. Nevertheless, the Court is not persuaded that it should exercise its discretion to transfer venue under 28 U.S.C. § 1404(a).

## III.  LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the

2

interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought." In deciding whether to transfer venue under § 1404(a), the court must

determine (1) whether the action could have been brought in the proposed forum and (2) whether

that forum would promote convenience of the parties, witnesses and the interests of justice. *See*

*Thomas v. Home Depot, U.S.A., Inc.*, 131 F.Supp.2d 934, 936 (E.D. Mich. 2001).

For the second inquiry, the court typically considers several factors, including the

convenience of witnesses, the location of relevant documents and relative ease of access to sources

of proof, the convenience of the parties, the site of operative facts, and the availability of process

to compel the attendance of unwilling witnesses. *See Amphion, Inc. v. Buckeye Electric. Co.*, 285

F.Supp.2d 943, 947 (E.D. Mich. 2003). Other factors may include the relative means of the parties,

the forum's familiarity with governing law, and the plaintiff's choice of forum. *See Overland, Inc.*

*v. Taylor*, 79 F.Supp.2d 809 (E.D. Mich. 2000). The moving party must show, by the preponderance

of the evidence, that "in light of these factors, 'fairness and practicality strongly favor the forum to

which transfer is sought.'" *Thomas*, 131 F.Supp.2d at 936 (quoting *Rowe v. Chrysler Corp.*, 520

F.Supp. 15, 16 (E.D. Mich. 1981)).

## IV.  ANALYSIS

As an initial matter, the Court must determine whether this action could have been brought

in the Middle District of Tennessee. For the following reasons, the Court concludes that the action

could have been brought in the Middle District of Tennessee.

This case is in federal court based on diversity jurisdiction. For diversity purposes, Plaintiff

is a Michigan resident and Defendant, a corporation, is a resident of Delaware and Texas. *See* 28

U.S.C. § 1332. The amount in controversy exceeds $75,000. Thus, federal courts have subject matter

jurisdiction over this case. *See* 28 U.S.C. § 1332. Furthermore, Defendant admits that it would be subject to personal jurisdiction in Tennessee based on Tennessee's Long Arm Statute, TENN. CODE ANN. § 20-2-214. *See* Def.'s Brief at 6.

Finally, the Middle District of Tennessee would be a proper venue. Venue is proper "in any district in which a substantial part of the events or omissions giving rise to the claim occurred ...." 28 U.S.C. § 1391(a)(2). Since Plaintiff's accident occurred in Nashville, within the Middle District of Tennessee, it would be a proper venue. Accordingly, this claim could have originally been brought in the Middle District of Tennessee.

The court must next consider whether a transfer to the Middle District of Tennessee would promote the convenience of the witnesses, the parties, and the interests of justice. As previously stated, Defendant asserts several reasons why the Court should transfer the case to the Middle District of Tennessee. The Court will address several of these arguments.

**A. Convenience of Witnesses**

Defendant asserts that transferring the case to Tennessee will be more convenient for potential witnesses. In particular, Laverne Malone, Defendant's bus driver who witnessed Plaintiff's fall and provided assistance, and Rodney Chambers,[2] Defendant's Nashville Depot supervisor, both reside outside of Michigan. Defendant also identifies Gary Babcock, the Nashville station manager, who is expected to testify generally to Defendant's procedures and records. Ms. Malone is a resident of Birmingham, Alabama, and Mr. Chambers and Mr. Babcock reside in the vicinity of Nashville,

---

[2]Plaintiff, in her pleadings and response brief, refers to a Greyhound employee by the name of Robert Chamberlain. However, according to Defendant, it does not have any employee with that name in Nashville; instead, Defendant suggests that Plaintiff is really referring to Rodney Chambers. Plaintiff has not addressed this discrepancy.

Tennessee. Defendant claims that the convenience of these potential witnesses warrants a transfer of venue. The Court is not persuaded by Defendant's argument.

While convenience of witnesses is an important factor, Defendant has failed to persuade the Court that it weighs in favor of transferring venue. "In weighing the convenience of witnesses, more important that the raw numbers of witnesses living in a particular jurisdiction is the residence of the *key witness or witnesses*." *Thomas*, 131 F.Supp.2d at 937 (emphasis added). Accordingly, Defendant "must clearly specify the witnesses to be called and must make a general statement of what their testimony will cover." 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851 at 425. A motion to transfer will be denied upon a mere allegation that witnesses are necessary without stating who they are and what their testimony will cover. *See id.* § 3851 at 427-28. Defendant has failed to make this showing.

Instead of clearly articulating key witnesses, Defendant merely identifies potential witnesses. Defendant provided nothing to indicate that these witnesses will be called, that they are necessary for Defendant's case, or that their absence from trial will adversely affect Defendant's case. In other words, Defendant has not demonstrated that Ms. Malone, Mr. Chambers, and Mr. Babcock are key witnesses. Defendant has given no reasons why Mr. Chambers' is a necessary witness, nor has it stated that its general procedures in Nashville are different from its general procedures elsewhere, requiring Mr. Babcock's testimony. Moreover, with regard to Ms. Malone, who resides in Alabama and is the only identified eye witness to the accident, Defendant can only state that Tennessee is closer to Alabama than Michigan. However, Defendant has not demonstrated that traveling to Tennessee would by any less inconvenient to Ms. Malone than traveling to Michigan.

Plaintiff, on the other hand, states that both herself and her husband reside in Michigan, that

any potential medical witnesses reside in Michigan, that Ms. Malone's live testimony is not necessary, and that Mr. Chamber's testimony would be innocuous because he did not actually witness the accident. While Plaintiff has not provided a general statement of the witness's testimony, she does not have the burden of persuading the court that Michigan is an inconvenient forum. Further, assuming Mr. Babcock is a key witness, the key witnesses relating to the accident itself and damages are Michigan residents. Thus, this factor does not weigh in favor of transfer.

**B.  Location of the Relevant Documents and Relative Ease of Access to Sources of Proof**

Defendant admits that it does not know of any specific documents that require transfer to Tennessee. *See* Def.'s Brief at 8. Rather, Defendant states that it does not know of any documents in Michigan that foreclose a transfer. *See id.* This argument is wholly unpersuasive. Assuming documentary evidence does exist in Tennessee, Defendant has not demonstrated that it will be inconvenient to transfer the evidence to Michigan. Additionally, the Court agrees with Plaintiff that any medical documents will be in Michigan.

Instead, Defendant relies on the fact that the accident occurred in Tennessee and argues that "if a jury view of the scene were necessary," Tennessee would be a more convenient forum. *See* Def.'s Brief at 8. Again, the court finds this argument without merit. The court in *Thomas* addressed the same argument:

> Regarding the necessity of viewing the accident scene, very few negligence cases require such a viewing. *Photographs and evidence are usually adequate to acquaint a jury with the accident site*. Absent a showing by the movant that a view of the locality would be useful, the Court will not weigh the possibility of a jury's view of the scene. Here, the Defendant has made no showing as to why a view of the accident scene is important. The Court, therefore, will not consider proximity to the accident scene.

*Thomas*, 131 F.Supp.2d at 940 (emphasis added and internal citations omitted). As in *Thomas*,

6

Defendant has made no showing that a view of the accident scene would be useful or even likely. As Plaintiff points out, photographs of the scene are evidence also and can be provided with ease. Therefore, the Court will not consider the proximity to the accident scene. Accordingly, the location of relevant evidence and ease of access to proof does not weigh in favor of transferring the case.

## C.  Convenience and Means of the Parties

Defendant admits that Michigan is a more convenient forum relative to the parties and their means. *See* Def.'s Brief at 8-9. Therefore, the Court finds that these factors weigh in favor of retaining the case.

## D. The Site of the Operative Facts

Defendant argues that because the accident did not occur in Michigan, Tennessee is a more proper forum. However, Defendant provides no reasons why this is so. This argument is nothing more than a bare assertion that since the accident happened in Tennessee, Tennessee is a more convenient forum. What Defendant fails to recognize is that facts relevant to this case did occur in Michigan. Defendant is a Michigan resident and received all of her medical attention in Michigan. Accordingly, this factor does not weigh in favor of a transfer of venue.

## E.  The Forum's Familiarity with Governing Law

Defendant states, "[i]t would appear, off hand, that the law of Tennessee is probably much more relevant in determining the liability issues in this case than is the law of Michigan." Def.'s Brief at 9. However, Defendant does not state what the law of Tennessee is or that it is substantively different from Michigan premises liability law. Consequently, Defendant has no grounds for arguing that this Court's presumed unfamiliarity with Tennessee law makes Michigan an inconvenient forum.

Furthermore, assuming a conflict does exist between Michigan law and Tennessee law, Michigan conflicts law would apply in determining the substantive law of the case. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). Thus, even if Tennessee law is ultimately determined to be applicable, the court rendering that decision would have to apply Michigan's conflict of law rules. Although the District Court for the Middle District of Tennessee is perfectly capable of performing this task, based on Defendant's assumptions, this Court would be more familiar with Michigan conflicts law. Hence, this factor does not weigh in favor of transfer of venue.

## F.  Plaintiff's Choice of Forum

Defendant argues that while Plaintiff's choice of forum should be given heavy weight in the analysis, it should be accorded less weight where the operative facts did not occur in Plaintiff's choice of forum. The Court is unpersuaded.

Plaintiff's choice of forum is entitled to substantial weight. *See Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002). Generally, unless it appears that the Plaintiff's choice of forum is the result of forum shopping or is meant to harass or inconvenience the Defendant, the court should respect Plaintiff's choice.

In this case there has been no showing that Plaintiff's motive for bringing suit in Michigan was to harass or inconvenience Defendant, nor is there any evidence of forum shopping. Plaintiff is a Michigan resident and received medical treatment here following her accident. Further, Defendant is a large corporation that does business in all 50 states and should anticipate being sued in a multitude of forums. Thus, Plaintiff's choice is rational and weighs against transfer.

## V.  CONCLUSION

After considering Defendant's arguments and Plaintiff's responses, the Court is not

persuaded that Tennessee would provide a more convenient forum for this case. Defendant has failed

to sustain its burden under 28 U.S.C. § 1404(a). The Court finds that the convenience of the parties

and witnesses and the interests of justice do not justify transferring the case to Tennessee. Therefore,

Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.


IT IS SO ORDERED.



s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 3, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on November 3, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290